# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KYLE SULLIVAN and JEANNE SLOAN, individually and on behalf of all others similarly situated, | Case No. 16-cv-960-JTN |
| Plaintiffs, | |
| v. | |
| WENNER MEDIA LLC, a Delaware corporation, | |
| Defendant. | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S PRE-MOTION CONFERENCE REQUEST

Plaintiffs Kyle Sullivan and Jeanne Sloan, by their undersigned attorneys, file this Response to Defendant Wenner Media LLC's Pre-Motion Conference Request, and state as follows:

1. On January 13, 2017, the Court conducted a pre-motion conference regarding Wenner's request to file a motion to dismiss Plaintiff Kyle Sullivan's Class Action Complaint. After that conference, On January 17, 2017, the Court issued an order directing Plaintiff Sullivan to file an amended complaint or notice on or before January 30, 2017. The Court then directed Defendant to, within 14 days of the filing of the amended complaint or notice, to make an appropriate filing. Plaintiffs filed their First Amended Class Action Complaint ("FAC") on January 16, 2017, and Defendant thereafter filed a request for a pre-motion conference to dismiss the FAC on several grounds. Plaintiffs dispute each of Defendant's grounds for dismissal as follows.

2. First, Defendant argues that Plaintiff Sloan's subscription in 2008 was not purchased from Defendant. This is incorrect. Plaintiff Sloan purchased her personal magazine subscriptions at all times directly from Defendant.

1

3. As discussed below, Defendant's error may stem from the fact that Plaintiff Sloan's son, Jerry Sloan, is also a subscriber to Rolling Stone and also uses his primary initial "J" as his first name, and the 2008 subscription to which Defendant refers was his. Regardless, there is a factual dispute. Since a motion to dismiss does not concern "the verity of disputed facts, but whether the alleged facts, if true, establish a cognizable theory of relief," this disputed issue cannot serve as a basis for dismissal. *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 255 F.R.D. 443, 446 (W.D. Mich. 2009).

4. Further, even if Defendant were correct that Plaintiff Sloan's 2008 subscription was purchased from a third party and not "at retail," Defendant does not dispute that Plaintiff Sloan purchased her subscription in other years directly from Defendant, and thus has a claim for violations of the VRPPA for those subscription years.

5. Second, Defendant argues Plaintiff Sloan is subject to a one-year contractual statute of limitations because her husband purchased a gift subscription for her in 2013. This is also false. Plaintiff Sloan was not married in 2013 and was not given a gift subscription purchased through Defendant's website by her "husband" or anyone else.

6. Again, the likely explanation is that Plaintiff Sloan's son, Jerry Sloan, purchased a subscription while living with his father. Without discovery, however, the true facts are disputed, demonstrating exactly why the Court should reject Defendant's arguments as premature and focus on the allegations contained in the FAC. Defendant's attempt to reference documents before the parties have had an opportunity to exchange or present any evidence or even inspect the documents to which Defendant refers is in direct contravention of the Federal Rules of Civil Procedure. In sum, Defendant's merits-based arguments are premature and can be considered only after discovery is completed.

7. This is equally applicable to Defendant's contention that Plaintiff Sullivan agreed to Defendant's Terms of Use and Privacy Policy. Discovery is required to determine the particulars of any alleged agreement that Defendant contends Plaintiff Sullivan entered when he purchased a Rolling Stone subscription online. Even if an online purchase was made by either Plaintiff, the Terms of Use and Privacy Policy are invalid because Defendant does not require consumers to affirmatively agree to the Terms of Use or Privacy Policy, but merely places hyperlinks to the Terms of Use and Privacy Policy on the bottom of its subscription order page.

8. A consumer does not agree to contracts merely because the contracts are hyperlinked on a webpage where the consumer places an order. *See Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1178-79 (9th Cir. 2014)("[W]here a website makes its terms of use available via a conspicuous hyperlink on every page of the website but otherwise provides no notice to users nor prompts them to take any affirmative action to demonstrate assent, even close proximity of the hyperlink to relevant buttons users must click on—without more—is insufficient to give rise to constructive notice."); *see also Sgouros v. Transunion Corp.*, 817 F.3d 1029 (7th Cir. 2016).

9. Furthermore, Defendant contends that subscription information was sold in 2011, and Plaintiffs allegedly agreed to the contractual limitations period thereafter. Because, according to Defendant, Plaintiffs' claims accrued before Plaintiffs allegedly agreed to the Terms of Use and Privacy Policy, those contracts cannot govern their preexisting claims.

10. Third, no court has endorsed Defendant's arguments regarding VRPA standing and the retroactive effect of the VRPA amendments, and at least four courts, two in the Eastern District of Michigan and two in the Southern District of New York, have rejected those exact arguments in the past year. *See Perlin v. Time Inc.*, No. 16-cv-10635, 2017 WL 605291, at *2-14 (E.D. Mich. Feb. 15, 2017); *Moeller v. Amer. Media, Inc.*, No. 16-cv-11367, --- F.3d ---, 2017 WL

3

416430, at *2-5 (E.D. Mich. Jan. 27, 2017); *Boelter v. Hearst Commun., Inc.*, 192 F. Supp. 3d 427, 437-41 (S.D.N.Y. 2016); *Boelter v. Adv. Mag. Publishers Inc.*, No. 15-cv-5671, 2016 WL 5478468, at *4-7 (S.D.N.Y. Sept. 28, 2016). As a result, Plaintiffs have both Article III and statutory standing to bring this lawsuit.

11. Finally, that Plaintiff Sloan was added to the FAC after the VRPA amendments took effect is irrelevant. Plaintiff Sloan's claims accrued before the VRPA amendments took effect as she has been a Rolling Stone customer since 2005. And, according to Defendant, Plaintiff Sloan's claims accrued in 2011, the last year Defendant alleges it sold her information. Because the VRPA amendments are not retroactive, *see Perlin*, 2017 WL 605291, at *2-14; *Moeller*, 2017 WL 416430, at *2-5; *Boelter v. Hearst*, 192 F. Supp. 3d at 437-41; *Boelter v. Adv. Mag.*, 2016 WL 5478468, at *4-7, and because Plaintiff Sloan's claims accrued before the VRPA amendments were enacted, the amendments do not apply to the claims of Plaintiff Sloan. Accordingly, this basis for dismissal, like all of the others, is meritless.[1]

Dated: February 24, 2017

Respectfully submitted,

/s/
Daniel Myers
The Law offices of Daniel O. Myers
818 Red Drive, Suite 210
Traverse City, MI 49684
Phone: (231) 943-1135

*Attorneys for Plaintiffs*

---

[1] Defendant states that the grounds for dismissal raised in its first Pre-Motion Request are applicable here, *see* Dkt. No. 29 n. 1, but Defendant does not specifically assert those arguments in its Pre-Motion Request. To the extent the Court considers these arguments, Plaintiffs stand on their initial Response to Defendant's first Pre-Motion Request. *See* Dkt. No. 21.

4