# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

KYLE SULLIVAN and JEANNE SLOAN, individually and on Behalf of all others similarly situated,

                Plaintiffs,

v.

WENNER MEDIA LLC, a Delaware corporation,

                Defendant.

Case No.: 1:16-cv-00960

Honorable Janet T. Neff

## WENNER MEDIA LLC'S SUPPLEMENTAL
## PRE-MOTION CONFERENCE REQUEST

Defendant Wenner Media, LLC ("Wenner"), by its attorneys Honigman Miller Schwartz and Cohen LLP, and Davis Wright Tremaine LLP, in accordance with the Court's Civil Practice Guidelines IV(A)(1)(6), respectfully submits this Supplemental Pre-Motion Conference Request, and states:

1. The Sixth Circuit has now scheduled oral argument in *Coulter-Owens v. Time, Inc.*, Case No. 16-1321 & 16-1380 for 9:00 a.m. on April 26, 2017 on the appeal from the district court's grant of summary judgement in Time, Inc.'s favor and conditional cross-appeal by Time, Inc. on the district court's class certification order. (ECF Nos. 57 and 52, respectively). That case will decide critical issues pertaining to Michigan's Video Rental Privacy Act, M.C.L. § 445.1711-1715 (the "VRPA"), as amended. Wenner requests that the Court stay this case pending resolution of that appeal. As more fully set forth herein, a stay at this point will not cause any prejudice to the parties particularly given that the First Amended Complaint was not even filed until *after* the effective date of the amendment to the VRPA and Wenner has *not*

***engaged*** in the complained of conduct since 2011. Moreover, the stay will enable the Court to have before it controlling authority before it has expended resources on a motion to dismiss.

2. The requested stay would allow determination of critical issues that could alter or dispose of this action, including: (i) whether the VRPA applies where a subscription purchase is not made directly from Wenner, but from a third party; (ii) the determination of the impact and retroactive effect of the amendments to the VRPA which clarified, *inter alia*, that a plaintiff must suffer actual damages to bring a claim under the VRPA; and (iii) whether the Plaintiffs, who suffered no damages or actual injury, have Article III standing following *Spokeo v. Robins* 136 S. Ct. 1540 (2016) based simply on a statutory violation created by state law. Resolution of these other issues could also dispose of some or all of the claims of Plaintiffs and the putative class, simplifying, or eliminating the issues and claims to be decided.[1]

3. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1997). "A district court may stay a case in order to allow a higher court in a separate case to settle issues of law that have bearing on the matter to be stayed." *Beydoun v. Holder*, No. 14-CV-13812, 2015 WL 631948, at *2 (E.D. Mich. Feb. 13, 2015). *See Orix Real Estate Capital, Inc. v. RED RTP, LLC,* Case No. 1:15-cv-783 (W.D. Mich. Sept. 24, 2015) (ECF No. 15) (Neff, J.). In

---

[1] The impact of this amendment to the VRPA is critical to the injury-in-fact requirement for standing, and there are strong arguments favoring retroactive application of the law. For example, the fact that the Act purposefully states that it is "curative and intended to clarify" various aspects of the VRPA, including that "a civil action for a violation of those prohibitions may only be brought by a customer who has suffered actual damages as a result of the violation." *See* Enacting Provisions of PA 92, § 2. A "statutory enactment denominated as 'curative'…has been defined as legislation enacted to cure defects in prior law," and such laws are found to "operate retrospectively." *Romein v. Gen. Motors Corp.*, 168 Mich. App. 444, 455 (1988); *see also Allstate Ins. Co. v. Faulhaber*, 157 Mich. App. 164, 167 (1987) (act that "serves to clarify [] uncertainty is ordinarily given retroactive effect."); *People v. Sheeks*, 244 Mich. App. 584, 590 (2001); *Kelly Servs., Inc. v. Treasury Dept.*, 296 Mich. App. 306, 317 (2012).

considering a motion to stay, courts weigh four factors: (1) the potential of another case having a dispositive effect on the case to be stayed; (2) the judicial economy to be saved by waiting on a dispositive decision; (3) the hardship and prejudice to the party opposing the stay, given its duration; and (4) the public welfare. *Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597, at *1 (E.D. Mich. June 26, 2013). Here, each factor weighs in favor of a stay pending a determination of the Sixth Circuit appeal in *Coulter-Owens v. Time, Inc.*

4. Initially, Courts routinely stay cases when a higher court's decision in a different case will provide controlling precedent and may prove dispositive in the stayed case. *See, e.g.*, *Hillson v. Kelly Serv., Inc.*, No 2:15-CV-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015).[2] The expected decision need not determine the entire case; a decision merits a stay if it will simplify a case by having "precedential effect on questions of subject matter jurisdiction and . . . resolv[ing] at least some of the claims before the Court." *Beydoun*, 2015 WL 631948, at *4.

5. A short stay will not prejudice or harm Plaintiffs or the putative class. Though courts are sometimes wary of ordering a stay where the plaintiff continues to experience concrete harm during the stay, these Plaintiffs claim no concrete, ongoing, harm. Indeed, Wenner ceased the complained of conduct in December 2011–years before Plaintiffs filed suit. *See, e.g.*, *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002). Further, there has been no formal motion practice or discovery and Plaintiffs waited until shortly before or after the VRPA was amended to file a copycat suit against Wenner. Here, there is no risk that a stay awaiting determination of the Sixth Circuit appeal will cause any harm.

---

[2] As the Sixth Circuit has held repeatedly, "the public interest lies in a correct application of the federal constitutional and statutory provisions upon which the claimants have brought [a] claim." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006).

6. Brief stays without dire consequences to the parties may be required to serve compelling interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (finding that "delay[s] not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted" do not constitute unfair prejudice). If the outcome in any of the Sixth Circuit appeal permits this case to continue, the short delay will cause no undue hardship.

7. Conversely, if the Court does not issue a stay, both parties will suffer harm from potentially "unnecessary proceedings and expenses." *Ramirez v. Trans Union, LLC*, 12-cv-00632, 2015 WL 6159942 at *2 (N.D. Cal. June 22, 2015). The Court and the parties have burdensome work ahead of them for claims that may disappear by the end of the year. Both sides must commence brief motions to dismiss and depending on the Court's ruling on those various motions, begin discovery. Moreover, staying a case while awaiting potentially dispositive legal determinations is the best course of action particularly where the defendant faces a costly class action. *See Busk v. Integrity Staffing Solutions, Inc.*, No. 2:10-CV-1854-RLH-NJK, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) (staying case for six months because the decision would "greatly simplify [the] case" and help the parties "know how to move forward and eventually reach a resolution"). The stay here would be for a similarly limited period of time with the same benefits as those gained by the court and the parties in *Busk*. Oral argument has been scheduled and a decision could come as early as 2017.

8. The public interest is further served by a stay because it would conserve limited judicial resources. Staying the case will safeguard taxpayers' money and permit the court to focus on other cases that are important to the public's welfare and not at risk of being undone by a decision from the Sixth Circuit and other courts throughout the country in the coming months.

4827-6400-7494v.3 0055960-000024

9. Pursuant to Local Rule 7.1(d) I attempted to ascertain from Plaintiffs' counsel by email today whether the motion will be opposed. Mr. Myers (Plaintiffs' counsel) responded that Plaintiffs do not consent to the requested relief.

Dated: April 4, 2017

Respectfully submitted,

By: /s/ J. Michael Huget

J. Michael Huget (P39150)
HONIGMAN MILLER SCHWARTZ AND COHN
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
313-465-7628


By: /s/ Sharon L. Schneier

Sharon L. Schneier
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340
sharonschneier@dwt.com

Counsel for Defendant Wenner Media LLC

5