# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

KYLE SULLIVAN and JEANNE  
SLOAN, individually and on behalf  
of all others similarly situated,

Case No. 1:16-cv-00960-JTN-ESC

       Plaintiffs,

**HON. JANET T. NEFF**

v.

WENNER MEDIA LLC, a Delaware  
corporation,

       Defendant.

## SETTLEMENT ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court on Representative Plaintiffs' motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable, and adequate. The Court hereby enters this Settlement Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On December 19, 2017, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiffs and Defendant Wenner Media LLC. The proposed Settlement resolves all of the Settlement Class's claims against Defendant in exchange for Defendant's agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Agreement. On  May 22,     , 2018, this Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs ("Fee Application"), and Incentive Award to the Representative Plaintiffs. The Court heard argument from counsel in support of the Settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of final approval of the Settlement, including supporting declarations, oral arguments of counsel, Class Counsel's Fee Application, the Agreement, and the pleadings, the Court finds and concludes as follows:

1. ***Definitions***. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

2. ***Jurisdiction***. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiffs and all members of the Settlement Class.

3. ***Settlement Approval***. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. ***Class Certification***. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5. ***Exclusion from Settlement Class***. Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement. Exhibit A, attached hereto, lists the Settlement Class Members who timely requested exclusion from the Settlement Class. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.

6. ***Objections.*** No objections to the Settlement, the Fee Application, or the request for Incentive Awards were brought to the Court's attention, whether properly filed or not.

7. ***No Admission***. Neither this Final Judgment nor the Agreement is an admission or concession by Defendant of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall

not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. ***Dismissal with Prejudice***. This Court hereby dismisses with prejudice all claims of members of the Settlement Class against Defendant that arise out of or relate in any way to disclosure of Settlement Class Members' personal information, including but not limited to, their name, address, and/or their subscription history, regardless of the theory of recovery or alleged wrongdoing as set forth in the Agreement.

9. ***Release***. Representative Plaintiffs, for themselves and as the representatives of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10. ***Injunction Against Asserting Released Claims.*** Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class. This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this

settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11. ***General Release Acknowledgement***. By operation of this Final Judgment, the Representative Plaintiffs and Defendant expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply. California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. ***Class Notice***. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Settlement Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

13. ***Notifications to Appropriate Federal and State Officials***. Within ten (10) days after the filing of the proposed Agreement in this Court, Defendant caused a notice of the proposed Settlement to be served upon the appropriate state official of each State in which a Class member

resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendant satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendant provided the required notice, as required by 28 U.S.C. § 1715(d).

14. ***Continuing Jurisdiction***. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Incentive Award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15. ***Incentive Award***. As an incentive payment in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class, the Court hereby awards $ 5,000.00 each to Kyle Sullivan and Jeanne Sloan.

16. ***Class Counsel Fee and Cost Award***. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and costs advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make available to Settlement Class Members certain monetary and non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendant's possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and

cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of $300,000.00. All such fees and costs are in lieu of statutory fees and costs that Representative Plaintiffs and/or the Settlement Class might otherwise have been entitled to recover.

17. ***Payment Timing***. Defendant shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiffs, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED.**

Dated: May 22, 2018 /s/ Janet T. Neff
UNITED STATES DISTRICT COURT JUDGE

*Presented by:*

Dated: _____ Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15232
(412) 322-9243
glynch@carlsonlynch.com

*Attorney for Plaintiffs*

Dated: _____ Respectfully submitted,

*/s/ Sharon L. Schneier*
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230
sharonschneier@dwt.com

*Attorney for Defendant*